UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SOSEH SARDARIAN,

    Plaintiff,                                                  Case No. 1:20-cv-23912-KMW

v.

LN WATERMARK, LLC d/b/a LAKE NONA
WATER MARK APARTMENTS and
NATIONAL CREDIT SYSTEMS, INC.,

    Defendants.
_____/

## DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S ORIGINAL ANSWER

Defendant National Credit Systems, Inc. ("Defendant" or "NCS") files this *Original Answer* to respond to Plaintiff's *Amended Complaint* (the "Complaint") filed by Plaintiff James Mather ("Plaintiff" or "Mather") and would show the Court as follows:

A.  ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

PRELIMINARY STATEMENT

1.    Defendant admits that Plaintiff asserts claims pursuant to the FDCPA and FCCPA, but denies any liability, and to the extent that Paragraph 1 contains any factual statements, Defendant denies same.

2.    Defendant admits that Plaintiff leased an apartment from LN Watermark, LLC d/b/a Lake Nona Water Mark Apartments (the "Original Creditor") but lacks sufficient information to know the truth about the remaining allegations contained in Paragraph 2.

3. Based on the Resident Ledger which indicates Plaintiff remained in the apartment for the entirety of the Lease and the terms of the Lease, Defendant denies the allegations contained in Paragraph 3, save and except that Plaintiff hired legal counsel.

4. Defendant lacks sufficient information to know the truth regarding the allegations in Paragraph 4, save and except that Defendant denies any knowledge of a cease and desist and denies the debt is not owed.

5. Defendant admits Plaintiff seeks damages, but denies that Defendant is liable to Plaintiff for any of the relief sought by Plaintiff and denies any alleged violations contained in Paragraph 5.

## JURISDICTION AND VENUE

6. Defendant does not contest subject matter jurisdiction as alleged in Paragraph 6.

7. Defendant does not contest venue as alleged in Paragraph 7.

## PARTIES

8. Defendant admits Plaintiff is a natural person, but lacks sufficient information to know the truth about the remaining allegations contained in Paragraph 8.

9. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 9 with respect to NCS, but lacks sufficient information to know the truth about the remaining allegations in Paragraph 11.

12. Defendant admits acting through its employees, but denies the remaining allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

### FACTS SUPPORTING CAUSES OF ACTION

14. Defendant admits the allegations in Paragraph 14.

15. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 15.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 17.

18. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 18.

19. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 22.

23. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 23.

24. Defendant admits collecting the subject debt as an independent contractor of the Original Creditor, but denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

COUNT I

VIOLATIONS OF THE FDCPA BY NCS

29. Defendant admits that Plaintiff asserts claims in violation of 15 U.S.C. § 1692 *et seq.*, but denies any liability, and to the extent that Paragraph 29 contains any factual statements, Defendant denies same.

30. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

31. Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 31, and therefore denies same.

32. Defendant admits the allegations in Paragraph 32.

33. Defendant admits the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 37.

COUNT II

VIOLATION OF § 559.72(7) OF THE FCCPA BY NCS

38. Defendant admits that Plaintiff asserts claims in violation of Fla. Stat. § 559.72(7) *et seq.*, but denies any liability, and to the extent that Paragraph 38 contains any factual statements, Defendant denies same.

39. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

40. Defendant admits the allegations in Paragraph 40.

41. Paragraph 41 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 41 does contain any factual statements, Defendant denies same.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 45.

<u>COUNT III</u>

<u>VIOLATION OF § 559.72(9) OF THE FCCPA BY NCS</u>

46. Defendant admits that Plaintiff asserts claims in violation of Fla. Stat. § 559.72(9) *et seq.*, but denies any liability, and to the extent that Paragraph 46 contains any factual statements, Defendant denies same.

47. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

48. Defendant admits the allegations in Paragraph 48.

49. Paragraph 49 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 49 does contain any factual statements, Defendant denies same.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 53.

## COUNT IV

### VIOLATION OF § 559.72(18) OF THE FCCPA BY NCS

54. Defendant admits that Plaintiff asserts claims in violation of Fla. Stat. § 559.72(18) *et seq.*, but denies any liability, and to the extent that Paragraph 54 contains any factual statements, Defendant denies same.

55. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

56. Defendant admits the allegations in Paragraph 56.

57. Paragraph 57 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 57 does contain any factual statements, Defendant denies same.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 61.

<u>COUNT V</u>

<u>VIOLATION OF § 559.72(7) OF THE FCCPA BY LAKE NONA</u>

61. Defendant admits that Plaintiff asserts claims in violation of Fla. Stat. § 559.72(7) *et seq.*, but denies any liability, and to the extent that Paragraph 61 contains any factual statements, Defendant denies same.

62. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

63. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 63, and therefore denies same.

64. Paragraph 64 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 64 does contain any factual statements, Defendant denies same.

65. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 65, and therefore denies same.

66. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 66, and therefore denies same.

67. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 67, and therefore denies same.

68. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 68, and therefore denies same.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 68 to the extent any relief is sought from NCS.

<u>COUNT VI</u>

<u>VIOLATION OF § 559.72(18) OF THE FCCPA BY LAKE NONA</u>

69. Defendant admits that Plaintiff asserts claims in violation of Fla. Stat. § 559.72(18) *et seq.*, but denies any liability, and to the extent that Paragraph 69 contains any factual statements, Defendant denies same.

70. Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

71. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 71, and therefore denies same.

72. Paragraph 72 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny. To the extent that Paragraph 64 does contain any factual statements, Defendant denies same.

73. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 73, and therefore denies same.

74. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 74, and therefore denies same.

75. As this is an averment against Lake Nona, Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 75, and therefore denies same.

Defendant denies that Plaintiff is entitled to any of the requests for relief following Paragraph 72 to the extent any relief is sought from NCS.

<u>DEMAND FOR JURY TRIAL</u>

The demand for jury trial is without any factual averment(s) to admit or deny.

## B. AFFIRMATIVE DEFENSES

AD1. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDCPA and FCCPA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them. Any actions or omissions resulting in the alleged FDCPA or FCCPA violations were not intentional and resulted from a bona fide error, notwithstanding the maintenance of use of such procedures reasonably adapted to avoid any such error. *See* FDCPA § 1692k(c) and FCCPA § 559.77(3).

AD2. Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages, and thus no standing.

AD3. Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff lacks standing, and/or Defendant is not liable for Plaintiff's claims, as Plaintiff does not have any injury-in-fact following a mere technical or procedural violation of the FDCPA and/or FCCPA. *See e.g., Spokeo, Inc. v. Robins*, 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed. 2d 762, 83 U.S.L.W. 3819 (U.S. 2015).

AD4. Plaintiff's claims are barred in whole or in part by offset and/or set-off.

AD5. Plaintiff's claims are barred in whole or in part by waiver.

AD6. Plaintiff's claims against Defendant NCS are barred in whole or in part as they result from the actions of Defendant LN Watermark, LLC d/b/a Lake Nona Water Mark Apartments.

AD7. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, FCCPA, and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD8. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

AD9. As Plaintiff's claims are brought in bad faith or for harassment, or to multiply the proceedings, Defendant seeks attorney's fees against Plaintiff pursuant to FDCPA § 1692k(a)(3), FCCPA and/or 28 U.S.C. § 1927.

## PRAYER

Defendant requests a judgment that Plaintiff takes nothing on Plaintiff's claims against Defendant and that Plaintiff's claims against Defendant are dismissed, as well as an award of attorney's fees and costs against Plaintiff, and/or Plaintiff's Counsel, if applicable.  Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,

By: ___/s/ Ronnie Guillen___
    Ronnie Guillen
    State Bar No. 842001

WINGET, SPADAFORA, SCHWARTZBERG, LLP
1 SE 3rd Ave., Suite 1950
Miami, FL 33131
(305) 830-0600 – Telephone
(305) 830-0601 – Telecopy
Guillen.R@wssllp.com

ATTORNEY FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

CERTIFICATE OF SERVICE

On October 16, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Florida, Miami Division using the electronic case filing system of the court, thereby providing service to all parties.

Brian L. Shrader, Esq.                     VIA ECF
SHRADER LAW, PLLC.
612 W. Bay Street
Tampa, FL 33606
*ATTORNEYS FOR PLAINTIFF*

By:   */s/ Ronnie Guillen*
         Ronnie Guillen